UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY D. SADLER,

       Plaintiff,

v.

Case No. 1:12-cv-1263
Hon. Janet T. Neff

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's "Consent petition for attorney fees" pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (docket no. 28). The petition includes a proposed stipulated order asking the Court to award attorney fees in the amount of $7,397.01 and costs in the amount of $350.00 (docket no. 28-4).

    **I.**    **Background**

Plaintiff filed this action to contest an Administrative Law Judge's decision denying benefits. The Court reversed and remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for a reevaluation of Dr. Cooney's May 4, 2011 opinion, an explanation for rejecting plaintiff's limited ADLs as not "objectively verified," and a re-evaluation of plaintiff's credibility with respect to his alleged need to lie down during the day. *See* Order (docket no. 26); Judgment (docket no. 27).

    **II.**    **EAJA fees**

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States  . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d).  The "fees and other expenses" authorized by the EAJA include reasonable attorney fees.  28 U.S.C. § 2412(d)(2)(A).  "Eligibility for a fee award in a civil action therefore requires that (1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and (3) no special circumstances made an award unjust." *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).

Finally, under the EAJA, the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . .  attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

### III.    Discussion

Here, plaintiff filed an uncontested petition for EAJA fees.  Plaintiff has met the three criteria to be eligible for an EAJA award.   First, plaintiff is the prevailing party.  *Marshall*, 444 F.3d at 840.  Second, by not opposing the motion, the government has failed to demonstrate that its action was substantially justified.  *Id.*  Third, no special circumstances exist in this case to make an award unjust.  *Id.*

The next step is to determine the amount of attorney fees to be awarded under the EAJA.  Plaintiff's counsel seeks $7,397.01 in attorney fees and expenses consisting of the $350.00 filing fee.  Plaintiff seeks fees for: Randall E. Phillips (7.85 hours); Sarah H. Bohr (25.50 hours);

and Curtis J. Fisher (6.20 hours). The record reflects that Randall E. Phillips is an attorney admitted to practice in this Court. In his declaration, Curtis J. Fisher states that he is licensed to practice law in Wisconsin, and admitted to practice in the United States District Court for the Eastern District of Wisconsin and the Seventh Circuit Court of Appeals. *See* Declaration (docket no. 28-3). However, there is no declaration or affidavit setting forth Ms. Bohr's qualifications. The record contains only a sheet entitled "Schedule of Hours of Sarah H. Bohr." *See* Exhibit (docket no. 28-2). In the absence of some evidence identifying Ms. Bohr, the Court should not award fees requested for work performed by her.

Based on the record before the Court, Mr. Phillips is the only attorney admitted to practice in this district. His time spent on this matter, 7.85 hours, is reasonable.

There is no evidence that Mr. Fisher is admitted to practice in this district. Nevertheless, because Mr. Fisher's involvement in this action was limited to brief writing, the Court will allow plaintiff to collect an attorney fee for work performed by him on this matte. *See Priestly v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011) ("we have little difficulty in concluding that the EAJA authorizes the plaintiffs to receive reimbursement for work performed by an attorney, regardless of whether the attorney performing the work is admitted to practice or not"). Mr. Fisher's time spent, 6.20 hours, is reasonable. Accordingly, based on this record, plaintiff is entitled to an award of attorney fees for 14.05 hours of work.

Plaintiff's counsel seek payment at hourly rates which exceed the EAJA's statutory hourly rate of $125.00. The court has been down this road before. The EAJA's statutory hourly rate "is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Services*, 781 F.2d 545, 547 (6th Cir. 1986). Thus, the court does not reduce a fee request to the $125.00 hourly rate, but rather

allows a plaintiff to receive an increase from that hourly rate under certain circumstances. *See* 28 U.S.C. § 2412(d)(2)(A). An applicant for attorney fees must produce satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009) (internal quotation marks omitted). The Supreme Court has determined that the statutory $125.00 per hour cap applies to fees "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Plaintiff has not presented the type of evidence as contemplated by *Bryant* to establish an increase in the hourly rate or to demonstrate that this was something other than a typical Social Security Appeal. Multiplying the 14.05 hours reasonably expended by counsel by the $125.00 per hour rate results in a fee of **$1,756.25**.

In addition, plaintiff requests an award of the filing fee in the amount of $350.00 as costs under the EAJA. Recovery of the filing fee is appropriate. *See* 28 U.S.C. § 2412(a)(1); *Fredericks v. Commissioner of Social Security*, No. 1:12-cv-1234, 2014 WL 4057794 at *3 (W.D. Mich. Aug. 14, 2014). Accordingly, plaintiff should be awarded a filing fee in the amount of **$350.00**.

Finally, plaintiff asks that the EAJA award be made payable to his attorneys. *See* Assignment (docket no. 28-1). The EAJA provides that the court shall award fees "to a prevailing party," meaning that the fee is payable to the plaintiff as the prevailing litigant. *See* 28 U.S.C. § 2412(d)(1)(A); *Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay h[is] attorney is controlled not by the EAJA but by contract and the law governing that contract." *Astrue*, 560 U.S. at 599 (Sotomayor, J. concurring). "Any agreements entered into between plaintiff and

counsel are not part of this closed case and cannot be injected into it at this juncture. There is a significant potential for conflict among plaintiff, his creditors, and his attorney with regard to the EAJA fees." *Fredericks*, 2014 WL 4057794 at *3. In short, plaintiff's contractual obligations to his attorney are not part of this case.

### IV.     RECOMMENDATION

Accordingly, I respectfully recommend that plaintiff's application for attorney fees pursuant to the EAJA (docket no. 28) be **GRANTED in part** and that defendant pay plaintiff attorney fees in the amount of **$1,756.25** and costs in the amount of **$350.00**.

Dated: November 3, 2014                         /s/ Hugh W. Brenneman, Jr.
                                                HUGH W. BRENNEMAN, JR.
                                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).