UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY D. SADLER,

             Plaintiff,                              Case No: 1:12-cv-1263

v                                              HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

_____/

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney Fees and Costs (Dkt 28), requesting $7,397.01 in attorney fees and costs in the amount of $350.00, as detailed in the motion. Defendant did not oppose the motion and, in fact, stipulated to Plaintiff's proposed order (Dkt 28-4). The motion was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court deny in part and grant in part Plaintiff's motion, and instead award Plaintiff attorney fees in the amount of $1,756.25 and costs in the amount of $350.00 (Dkt 29). The matter is before the Court on Plaintiff's objection to the Report and Recommendation (Dkt 30), as corrected (Dkt 32). Defendant did not file a response to the objection. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies in part and grants in part Plaintiff's objection.

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), provides a mechanism for a party to recover his fees and other expenses, including reasonable attorney fees, when the party

prevails in a lawsuit against the United States government.  The statute provides that the court shall award these fees and other expenses if:  (1) the party is a "prevailing party"; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the party timely files a petition supported by an itemized statement. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129-30 (6th Cir. 2007). There is no dispute that these conditions have been satisfied in this case.

The objection at bar concerns the hours of attorney time Plaintiff claimed and the requested hourly rates in excess of the EAJA rate.  As to the former, the Magistrate Judge found reasonable the time claimed by attorneys Phillips and Fisher but declined to recommend an award of fees requested for work performed by Sarah Bohr, absent some evidence identifying her (Dkt 29, R&R at 3).  In his objection, Plaintiff has since identified Bohr's licensing, experience and reputation (Dkt 30 at 3), and the Court therefore grants this part of Plaintiff's objection to the Magistrate Judge's recommendation to deny attorney fees for Bohr's work.  Further, the Court finds reasonable the 25.5 hours claimed by Bohr for her brief writing and preparation of Plaintiff's EAJA petition.  The Court will therefore award attorney fees for a total of 39.55 hours of attorney time.

Turning next to the hourly rate, the EAJA provides that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  Plaintiff reiterates his argument that the rates should be increased to reflect increases in the cost of living, non-contingent billing rates that Plaintiff asserts are consistent with the Commissioner's stipulation in this case and the purpose of the EAJA (Dkt 30, Objs. at 4-11).

Plaintiff does not identify social security precedent within the Sixth Circuit prohibiting or discouraging a district court from examining an agreed-upon hourly rate, and, absent authority to the contrary, the Court is not convinced that the parties' agreement absolves a court of performing the inquiry required by 28 U.S.C. § 2412(d)(2)(A).  *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990) (recognizing that "[e]ligibility for fees is established upon meeting the four conditions set out by the statute, but a district court will always retain substantial discretion in fixing the amount of an EAJA award").

Consequently, the Court finds that the Magistrate Judge applied the correct legal standard in examining whether "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee," 28 U.S.C. § 2412(d)(2)(A).  *See, e.g., Montgomery v. Astrue*, No. 3:11-cv-256, 2012 WL 2064473, at *4 (S.D. Ohio June 7, 2012) (concluding that it will, "on a case-by-case basis, make a determination of the appropriateness of the requested hourly fee and whether the requesting litigant has satisfied the *Bryant* requirement regardless of whether the Commissioner specifically objects to the amount of the requested hourly fee"), Report & Recommendation adopted sub nom. *Montgomery v. Comm'r of Soc. Sec.*, No. 3:12-cv-256, 2012 WL 2412069 (S.D. Ohio June 26, 2012).

Moreover, the Court agrees that, consistent with current Sixth Circuit precedent, the Magistrate Judge properly rejected the rise in inflation as sufficient evidence in support of the requested increase (Dkt 29, R&R at 4, citing *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (holding that an argument that the rate of inflation supports an increase in fees is "not enough" to prove that counsel is entitled to an increase in the $125.00 hourly rate as set by the EAJA)).   The Magistrate Judge therefore also properly concluded that Plaintiff had not presented

3

the type of evidence as contemplated by *Bryant* to establish an increase in the hourly rate or to demonstrate that this case was something other than a typical Social Security appeal (*id.*). Therefore:

**IT IS HEREBY ORDERED** that the Objection (Dkt 30) is GRANTED IN PART and DENIED IN PART, as noted herein, and the Report and Recommendation of the Magistrate Judge (Dkt 29) is APPROVED IN PART and REJECTED IN PART, as noted herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees and Costs (Dkt 28) is GRANTED IN PART and DENIED IN PART; specifically, Plaintiff is awarded $4,943.75 in fees and $350.00 in costs.


Dated: April 22, 2015                               /s/ Janet T. Neff_____
                                                    JANET T. NEFF
                                                    United States District Judge

4