UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY D. SADLER,

        Plaintiff,

vs.

Case No. 1:12-cv-1263

Hon. Janet T. Neff

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
        _____/

### REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's motion for award of attorney fees under 42 U.S.C. § 406(b) (docket no. 33). The motion is unopposed.

**I.**    **Background**

Plaintiff filed this action to contest an Administrative Law Judge's decision denying benefits. The Court reversed and remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). *See* Order (docket no. 26); Judgment (docket no. 27). Plaintiff's counsel was awarded fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $4,943.75 and costs in the amount of $350.00. *See* Opinion and Order (docket no. 34).

On remand, plaintiff was awarded benefits. The Commissioner issued a Supplemental Security Income ("SSI") Award Notice dated October 8, 2014, an SSI Notice of Change in Payment on November 27, 2014, and a Social Security Award Notice dated April 5, 2015. *See* Exhibits (docket no. 33-2). The latter Award Notice advised plaintiff that the SSA "withheld

$10,404.25 from your past due benefits in case we need to pay your representative." *See* Notice of Award at PageID.708.

## II.    Discussion

Plaintiff's motion seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b) for work done before this Court. Attorney fee awards in social security cases brought in this Court are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

An attorney fee award is appropriate under § 406(b)(1)(A) when a court remands a case to the Commissioner for further proceedings and the Commissioner subsequently awards the claimant past-due benefits. *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006). The statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002). While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406 for work performed before the administrative agency and for work performed in the Federal Court. *See Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261, 262 (6th Cir. 1994) (concluding that under 42 U.S.C. §§ 406(a) and 406(b), "each tribunal may award fees only for the work done before it").

Plaintiff's counsel, Attorney Phillips, submitted a contingent fee agreement in which plaintiff agreed to pay him a fee of 25% of the past due benefits resulting from his claim. *See* Contingent Fee Agreements (docket no. 33-1, PageID.671). In evaluating fees under § 406(b), there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under

2

contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 419 (6th Cir. 1990).

With respect to the first consideration, there is no suggestion that Attorney Phillips engaged in improper conduct or was ineffective. On the contrary, he secured a favorable result for his client. With respect to the second consideration, the Court must consider whether the requested fee will result in an undeserved windfall to counsel.

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Id.* at 422 (footnotes omitted). "In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id.*

In the course of evaluating the previously-filed motion for attorney fees under the EAJA, the Court awarded attorney fees for a total of 39.55 hours of attorney time. *See* Opinion and Order (docket no. 34, PageID.732). As discussed, the SSA withheld $10,404.25 for payment of attorney fees, which results in results in a hypothetical hourly rate of $ 263.07. The Court has considered an hourly rate of $175.00 as reasonable in Social Security Appeals.[1] This rate establishes a *Hayes* "floor" of $350.00 per hour. Attorney Phillip's hypothetical hourly rate falls below that

---

[1] *See, e.g.*, *Dunlap v. Commissioner of Social Security*, No. 1:13-cv-682 (Order) (docket no. 23) (W.D. Mich. March 31, 2016).

floor. Accordingly, the Court concludes that the requested fee of $10,404.25 is *per se* reasonable under § 406(b).

Finally, this fee award is subject to offset for the previously awarded EAJA fee. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"). In his brief, Attorney Phillips stated that as of the date of his motion for attorney fees under § 406(b), he had not received EAJA fees and that "once EAJA fees are awarded, counsel will refund these fees to Mr. Sadler." Plaintiff's Memorandum (docket no. 33-5, PageID.715). As discussed, the Court has now awarded Attorney Phillips EAJA fees in the amount of $4,943.75. Thus, counsel's requested fee of $10,404.25 will be reduced by the EAJA fee award of $4,943.75, resulting in a net fee award from this Court of $5,460.50.

### III.    Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for award of attorney fees in the amount of **$ 5,460.50** (docket no. 33) be **GRANTED**.

Dated:  April 27, 2016           /s/ Ray Kent
                                 RAY KENT
                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).